CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 5 2017

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GENTRY LOCKE RAKES & MOORE, LLP, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 7:17-cv-102 |
| v. | ) ) ) | |
| ENERGY DEVELOPMENT CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | By: Michael F. Urbanski<br>United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendants Energy Development Corporation ("EDC") and William D. Evans' motion to dismiss for improper venue, or in the alternative, transfer venue. ECF No. 5. The parties have briefed the issues and the court addressed the motion during a telephonic hearing held on April 17, 2017. For the reasons set forth below, the court will **DENY** the defendant's request to dismiss or transfer for improper venue, and **GRANT** the defendant's request to transfer this case in the interests of justice to the Abingdon Division of court.

### I.

Plaintiff Gentry Locke Rakes & Moore, LLP ("Gentry Locke") filed this case in the City of Roanoke Circuit Court on December 9, 2016. Gentry Locke is a law firm based in Roanoke, Virginia and seeks to collect unpaid fees in the amount of $117,573.92 from former clients EDC and William Evans. The complaint asserts one count for oral breach of contract and one count of quantum meruit under Virginia law. On March 18, 2017, the

defendants removed this case to federal court pursuant to 28 U.S.C. 1441(a). The notice of removal asserted diversity jurisdiction, stating that both defendants are citizens of Florida while Gentry Locke is a citizen of Virginia. The amount in controversy exceeds $75,000, and therefore, the court has proper jurisdiction over this case. 28 U.S.C. § 1332. On March 20, 2017, defendants filed the instant venue motion simultaneously with their answer to the complaint. ECF No. 5.

Frank Flippin, a Gentry Locke partner, represented defendants William Evans and EDC over a period of twenty-plus years in various legal matters pursuant to oral contracts. Gentry Locke brings this lawsuit because William Evans, who is the president of EDC, and EDC have refused to pay for Flippin's legal work in two matters. The first involved a dispute between William Evans and his two brothers over ownership of their deceased parents' home in Tazewell County, Virginia. The dispute lead to litigation originating in Tazewell County Circuit Court, which was eventually resolved by the Virginia Supreme Court in Evans v. Evans, 290 Va. 176, 772 S.E.2d 576 (2015).

The second matter for which Gentry Locke has not received payment involved another dispute between William Evans and his brother Wayne Evans. William Evans' company, EDC, was party to a joint venture agreement with Bandy Minerals Corporation, which held interests in certain gas wells located in Tazewell County. Bandy Minerals Corporation was owned by William and Wayne's father, Douglas Evans, who passed away in recent years. Wayne, as the executor of Douglas' estate, controls Bandy Minerals Corporation. Under the joint venture agreement, EDC had "buy-out" rights to purchase the

gas wells, which EDC attempted to exercise. However, Wayne refused, resulting in litigation in Tazewell County that is currently pending.

Defendants challenge venue in the Roanoke Division of the Western District of Virginia on the basis that "all of the operative legal services were performed [by Gentry Locke] in and necessitated by problems arising and existing in Tazewell County for Tazewell County parties." ECF No. 14, at 5.[1] Defendants assert that this case should be resolved in the Abingdon Division of court, which includes Tazewell County, because the underlying legal disputes involve property located in that division. Defendants make two arguments. First, that venue in Roanoke is improper under 28 U.S.C. § 1391, and therefore, the court should either dismiss the case pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or transfer the case to Abingdon pursuant to 28 U.S.C. 1406(a). Second, defendants argue that the court should transfer the case to Abingdon "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Gentry Locke opposes transfer, arguing that this case should be resolved in Roanoke because the legal work giving rise to the unpaid bills was largely performed in Gentry Locke's Roanoke offices.

## II.

Since the repeal of the divisional venue statute in 1988, federal litigants no longer have statutory rights to venue in a particular division within a district. See 28 U.S.C. § 1393

---

[1] Since the underlying legal disputes arose, William Evans moved from Tazewell County to Florida and EDC, which was founded as a Virginia corporation, has merged into a Florida corporation of the same name.

(repealed 1988); In re Gibson, 423 F. App'x 385, 388 (5th Cir. 2011). However, Western District of Virginia Local Rule 2(b) provides:

> Civil actions for which venue is proper in this district must be brought in the proper division as well. The venue rules for United States district courts contained in the United States Code also apply in determining the proper division in which an action must be filed, so that such venue rules are construed as if the terms "judicial district" and "district" were replaced with the word "division."

W.D. Va. R. 2(b). As such, the court treats statutes and case law governing inter-district venue as equally applicable to issues of divisional venue.[2]

## A.

Defendants first argue that venue in Roanoke is improper under § 1391, which, in relevant part, defines proper venue as the division "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Defendants rely heavily on the Fourth Circuit's decision in Mitrano v. Hawes, 377 F.3d 402 (4th Cir. 2004), where there court addressed proper venue in a dispute over legal fees.

Defendants, however, have missed the mark. Venue is proper in Roanoke because defendants removed this case from Roanoke City Circuit Court under § 1441(a). The general venue statute, § 1391, "has no application to this case because this is a removed action. The venue of removed actions is governed by [§ 1441], and under that section venue was property laid in" the district where the state court was located. Polizzi v. Cowles Magazines,

---

[2] Although the parties debate whether venue is proper under Virginia law, state law is irrelevant because the "appropriate venue of an action is a procedural matter that is governed by federal rules and statutes." Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650 (4th Cir. 2010).

Inc., 345 U.S. 663, 665 (1953).[3] "Section 1441(a) expressly provides that the proper venue of

a removed action is 'the district court of the United States for the district and division

embracing the place where such action is pending.'" Polizzi, 345 U.S. at 666. As such,

neither § 1391 nor the Fourth Circuit's discussion of § 1391 in Mitrano, 377 F.3d at 404–06,

apply to this case. Because venue is proper in Roanoke, the court must deny defendants'

motion to dismiss pursuant to Rule 12(b)(3) or transfer pursuant to § 1406(a).

## B.

Defendants next argue that transferring the case to the Abingdon Division is

warranted under § 1404(a), which allows the court to transfer a case for "the convenience of

parties and witnesses, in the interest of justice … to any other district or division where it

might have been brought." 28 U.S.C. § 1404(a). Gentry Locke does not contest that this case

could have been filed in the Abingdon Division. Indeed, "a substantial part of the events"

giving rise to Gentry Locke's claims occurred in Tazewell County. 28 U.S.C. § 1391(b)(2).

Nevertheless, Gentry Locke argues that transfer is inappropriate primarily on the basis that

"plaintiff's choice of forum is [] ordinarily entitled to substantial weight." ECF No. 10, at 3.

"Decisions whether to transfer a case pursuant to 28 U.S.C. § 1404 are committed to

the discretion of the transferring judge." Brock v. Entre Computer Centers, Inc., 933 F.2d

1253, 1257 (4th Cir. 1991). In exercising this discretion, the court "must engage in an

analysis of convenience and fairness, weighing a number of case-specific factors." Landers v.

Dawson Const. Plant, Ltd., 201 F.3d 436 (Table), 1999 WL 991419, at *2 (4th Cir. 1999)

(unpublished). Courts commonly consider the following factors in conducting a § 1404

---

[3] In 2011, Congress codified this rule at § 1390(c) ("This chapter shall not determine the district
court to which a civil action pending in a State court may be removed …").

5

inquiry: (1) witness convenience and access, including the cost of obtaining the attendance of expert witnesses; (2) convenience of the parties; (3) the weight accorded to plaintiff's choice of venue; (4) and the interest in having local controversies decided at home. Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015); Landers, 1999 WL 991419, at *2. The defendants have "the burden of showing that a transfer is proper under the circumstances." United States ex rel. Thomas v. Duke Univ., No. 4:13-CV-17, 2017 WL 1169734, at *2 (W.D. Va. Mar. 28, 2017).

The convenience of the parties and witnesses does not weigh in favor of transferring this case to the Abingdon Division. While defendants' potential witnesses, including some experts, all reside in Tazewell County, Gentry Locke plans to call witnesses from the Roanoke area. Moreover, William Evans is a resident of Florida and EDC is a Florida corporation. Regardless of whether this case is heard in Roanoke or Abingdon, William Evans, both as a defendant and as the president of EDC, will travel a good distance to attend the proceedings. Of course, Gentry Locke's location in Roanoke makes the current venue most convenient for the plaintiff. For this factor to weigh in favor of transfer, defendants must show that a transfer does more than "shift the inconvenience to the non-moving party." Duke Univ., 2017 WL 1169734, at *2. The defendants have fallen short of that showing and the court will not transfer the case on these grounds.

While "plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate," Plumbers & Pipefitters, 791 F.3d at 444, such deference is accorded "proportionate to the relationship between the forum and the cause of action." Convergence Mgmt. Assocs., Inc. v. Callender, No. CV TDC-15-4015, 2016 WL 6662253, at

6

*3 (D. Md. Nov. 10, 2016) (citation and quotations omitted). In this case, Gentry Locke states that the bulk of the legal work for which it now seeks payment was conducted in Roanoke. However, the subject of that legal work—the Evans' family home and certain gas wells—was real property located entirely in Tazewell County. Likewise, Flippin appeared in Tazewell County Circuit Court to represent William Evans and EDC in the disputes regarding those properties. In light of the law firm's past willingness to litigate those disputes within the Abingdon Division, the deference accorded to Gentry Locke's choice of venue is diminished. The court concludes that this factor does not weigh against transfer.

The last factor, the interest in having local controversies decided at home, strongly weighs in favor of transferring this case to the Abingdon Division. Communities' "local interest in having local controversies resolved at home, especially in … matters involving land or matters of local policy," has long been .considered relevant to a § 1404 analysis. 15 Wright & Miller, Fed. Prac. & Proc. Juris. § 3854 (4th ed.); see also Duke Univ., 2017 WL 1169734, at *6 (transferee district had "a notably greater local interest in deciding this case"); Verosol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992) (listing factors). As stated, the subject matter of Gentry Locke's legal services was real property located in Tazewell County. William Evans and EDC charge that Flippin's conduct and omissions in the Tazewell County Circuit Court negligently caused them to incur additional fees and other damages. Given the dispute's central grounding in Tazewell County, the interests of justice will be served "to have the local residents act as jurors for this case." Rugamboa v. Rungenga, No. 06 C 1142, 2007 WL 317035, at *3 (N.D. Ill. Jan. 30, 2007). Thus, the court

will transfer this case to the Abingdon Division of court pursuant to § 1404(a) and Local Rule 2(b).[4]

## III.

For the reasons stated, the court will **DENY** the defendant's request to dismiss or transfer this case for improper venue and **GRANT** the defendant's request to transfer this case in the interests of justice to the Abingdon Division of court. An appropriate Order will be entered.

Entered:   04/25/2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[4] The court also notes that § 1404(c) provides an additional source of authority for transferring this case to the Abingdon Division. Section 1404(c) states that a "district court may order any civil action to be tried at any place within the division in which it is pending." Although 28 U.S.C. § 127 sets forth where in the Western District of Virginia court shall be held, it does not designate these places as divisions of court. Rather, the divisions are set by Local Rule 2(a). "Where a district lacks statutory divisions, courts have discretion under § 1404(c) to select any designated location within the district as the place of trial." Grossman v. Smart, 73 F.3d 364 (Table), 1995 WL 767893, at *2 (7th Cir. 1995) (unpublished). That discretion, however, is properly guided by the same factors relevant to a § 1404(a) analysis. Id. at *2; see also El Ranco, Inc. v. First Nat. Bank of Nev., 406 F.2d 1205, 1219 (9th Cir. 1968) (district judge's decision to transfer under § 1404(c) is reviewed for "abuse of discretion"). Therefore, § 1404(c) merely provides an additional basis on which to transfer this case for the identical reasons stated above.